UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|                                              |   |                                |
|----------------------------------------------|---|--------------------------------|
| STEVEN PACHECO,                              | ) |                                |
|          Plaintiff,                          | ) |                                |
| v.                                           | ) | Civil Action No. 13-13203-LTS  |
| CAROLYN W. COLVIN,                           | ) |                                |
| Acting Commissioner of Social Security,      | ) |                                |
|          Defendant.                          | ) |                                |

ORDER ON DEFENDANT'S MOTION TO AMEND THE JUDGMENT

May 28, 2015

SOROKIN, J.

Before the Court is Defendant-Commissioner's Motion to Amend the Judgment, which argues that a portion of the Court's Order remanding the decision of the Commissioner erroneously applied a Social Security Regulation ("SSR") and conflicts with relevant case law. The Motion to Amend the Judgment is DENIED AS MOOT.

Plaintiff Steven Pacheco brought this case to review the final order of the Commissioner denying his claims for disability insurance benefits ("DIB") and supplemental security income ("SSI") benefits. The Administrative Law Judge ("ALJ") denied Pacheco's claim for DIB solely on the basis that "there is no objective medical evidence on record until substantially after the date last insured." A.R. at 13. Thereafter, the ALJ applied the five-step evaluation to determine disability solely for the purpose of determining entitlement to SSI benefits. A.R. at 14-20. Pacheco appealed this decision to the Appeals Council, which denied review. A.R. at 1. Pacheco then sought review in this Court, arguing that the ALJ, in denying his application for

DIB, failed to evaluate the evidence in the record adequately and failed to complete an adequate investigation regarding the existence of disability before the date last insured. Pacheco also leveled several challenges to the ALJ's application of the five-step disability evaluation.

The Court issued a decision remanding the matter for further consideration. Doc. No. 22. In so doing, the Court found error in the ALJ's resolution of Pacheco's DIB claim. Specifically, the Court concluded that the ALJ erred in denying Pacheco's application on the ground that there was insufficient evidence of his disability during the insured period without engaging in the analysis required by SSR 83-20. The Court separately found error in the ALJ's application of the five-factor test to determine whether Pacheco was disabled for the purposes of SSI benefits.

The Commissioner has filed a Motion to Amend the Judgment, arguing the Court misconstrued SSR 83-20 and that the regulation does not apply to the facts of this case. The Commissioner argues that "a finding of disability is a pre-requisite to the guidance set forth in SSR 83-20; [and] an adjudicator need not apply SSR 83-20 unless and until the adjudicator has already found the claimant disabled." Doc. No. 26 at 4. Because the ALJ found Pacheco not to be disabled for the purpose of SSI benefits, the Commissioner argues that prerequisite did not occur and an analysis under SSR 83-20 was not triggered. The Commissioner requests that the Court vacate its Order as to the applicability of SSR 83-20.

In its opinion, the Court explicitly ruled that "if the ALJ expressly finds that Pacheco is not disabled even as of the date of the hearing, he need not call a medical advisor to establish a (nonexistent) onset date." Doc. No. 22 at 15. The Court independently determined that there was error in the ALJ's determination of disability for the purpose of SSI benefits and remanded the case for consideration in light of the Court's decision. In this context, the clear implication of the Court's ruling is that the ALJ need not apply SSR 83-20 if she determines Pacheco not to

be disabled when considering the issue on remand. If the ALJ determines Pacheco to be disabled on remand, however, the scope of the remand includes consideration of the date of onset of disability in accordance with SSR 83-20. Insofar as the Motion to Amend the Judgment argues that SSR 83-20 should not apply in this case if there is no finding of disability, the Motion is DENIED AS MOOT. Insofar as the Motion is asking the Court to otherwise alter or amend the judgment as to its analysis of SSR 83-20, the Motion is DENIED.

For the reasons set forth above, the Motion to Amend the Judgment, Doc. No. 25, is DENIED AS MOOT.

SO ORDERED.

   /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge